FILED
FEB 26 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  COMPLAINT BY PRISONER UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983
2  Lenzo Seamster
3  H-64914, CDCR#
4  CSP-Sacramento, A1, PO Box 290066, Represa, CA. 95671

(PR)

KAW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 14 0862

11  Lenzo Seamster                                    ) Case no.
12              Plaintiff                             )
13       vs.                                          ) COMPLAINT FOR DECLARATION
14  Will Baptista, in his Official Capacity           ) AND INJUCTION RELIEF UNDER
15  as Correctional Officer of:                       ) THE CIVIL RIGHTS ACT 42 U.S.C.
16  Pelican Bay State Prison                          ) § 1983 AND DAMAGES
    California Department of Corrections (CDCR)       )
17  and in his individual Capacity                    )
18              Defendant                             )

I. JURISDICTION & VENUE

1. This is a Civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of United States. The courts has Jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3) Plaintiff seeks declaratory relief Pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by U.S.C. Section 2283 and 2284 and rule 65 of the Federal Rules of Civil Procedure.

-1-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER CIVIL RIGHTS ACT 1983 & DAMAGES

2. The Northern District of California is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the event giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Lenzo Seamster is and was at all times mentioned herein a prisoner of the State of California in the custody of the California Department of Corrections and Rehabilitation. He is currently confined in CSP-Sacramento in Represa California.

## III. Defendant

4. Defendant Will Baptista is a Correctional officer of the California Department of Corrections and Rehabilitation who at all times mentioned in this complaint held the rank of Correctional Officer and was assigned to Pelican Bay State Prison.

## IV. FACTS

5. While housed at the Psychiatric Services Unit (PSU) Pelican Bay State Prison on September 3rd 2012 at approximately 8:30 PM Plaintiff Lenzo Seamster received his medication from Medication Nurse Lenhart and then asked her if she could also take his Bloodpressure, because had been feeling lightheaded and it may be do to his hypertension. Nurse Lenhart said that she would after she finished with her Med. Pass.

6. Approximately (5) minutes later defendant Baptista approached Plaintiff Seamster's cell door and asked him if he wanted to get his bloodpressure checked. Plaintiff replied yes. Defendant Baptista then ordered him to turn around and submit to handcuffs

-2-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER CIVIL RIGHTS ACT 42 U.S.C. 1983 & DAMAGES

1 Plaintiff complied. Defendant Baptista placed him in hand cuffs via
2 the tray slot then opened the cell door and ordered Plaintiff Lenzo Seamster
3 to get on his knees and submit to leg restraints which was out of the
4 ordinary being that Plaintiff Lenzo Seamster has been cleared by
5 the institutional Classification Committee (ICC) of leg restraints.

7. Plaintiff explained to defendant Will Baptista that he had been cleared
of leg restraints by ICC. Defendant Will Baptista responded by saying "I don't
care what ICC cleared you of ICC is not here im here and if you want your
blood pressure checked you have to submit to leg restraints."

8. Plaintiff Lenzo Seamster replied "I have not done anything wrong why do
I need shackles? Defendant Baptista responded "do you want your blood pressure
checked or not" Plaintiff replied yes and got on his knees and submitted to the
leg restraints.

9. Now to explain ICC position when concerning leg restraints: All
Prisoners must submit to leg restraints until they are seen by ICC and
cleared. Basically ICC has to check the central file to see have the prisoner
been assaultive, or have an extensive history of assaultive behavior.

10. Now if the prisoner have been currently assaultive, or have an extensive
history of assaultive behavior then ICC might elect to keep the prisoner in
leg restraints and place a sign above the prisoners cell door to confirm ICC
decision.

11. Now Plaintiff Lenzo Seamster is a NON-Violent Prisoner and have never in

-3-
COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF UNDER THE CIVIL RIGHT ACT 42 USC 1983 & DAMAGES

1  the 19 years of his incarceration of his incarceration attacked a correctional officer
2  or another prisoner. Therefore ICC have never in the 19 years of Plaintiff Lenzo
3  Seamster's elected to place him on leg restraints.
4
5  12. Now as defendant Will Baptista escorted Plaintiff Lenzo Seamster down the
6  stairs not only was he squeezing his arm very tight he was also walking him very
7  fast which was very painful due to the leg restraints and it seems as though he
8  was trying to trip Plaintiff Lenzo Seamster down the stairs.
9
10 13. Plaintiff Lenzo Seamster did not respond to defendant Will Baptista's
11 aggression by saying anything, or making any sudden moves. because defendant
12 Will Baptista is well known for brutally attacking prisoners/patients in the
13 Psychiatric Services Unit (PSU) while they are in handcuffs and shackles.
14
15 14. Now once down the stairs Plaintiff was escorted into the sallyport where
16 Nurse Lenhart was waiting to take his blood pressure. Now as Plaintiff sit down
17 to get his blood pressure taken wondering why defendant Will Baptista was
18 being so aggressive with him. because they had had no problems at all up until
19 that point.
20
21 15. Now after Nurse Lenhart took Plaintiff Lenzo Seamster's blood pressure
22 defendant Will Baptista escorted Plaintiff back up the stairs to his cell and told
23 him to face the wall Plaintiff complied which is when defendant Will Baptista
24 slammed Plaintiff Lenzo Seamster's head into the wall briefly knocking
25 him unconscious and bringing him to his knees, which caused immediate
26 swelling on the forehead of Plaintiff Lenzo Seamster.
27 16. Defendant Will Baptista then ordered Plaintiff Lenzo Seamster to crawl
28

-4-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHT ACT 42 U.S.C. 1983 AND DAMAGES

on his knees into his cell. Once inside defendant Will Baptista instructed Plaintiff Lenzo Seamster "not to move a muscle if he knew what was good for him." Plaintiff Lenzo Seamster complied. Defendant Will Baptista then bent down and removed the leg restraints, and then backed out of the cell as the cell door shut. Plaintiff Lenzo Seamster stood up. Defendant Will Baptista then ordered Plaintiff to stick his arms through the tray slot so that "he" defendant Will Baptista could remove the handcuffs.

17. Now once the handcuffs were removed Plaintiff Lenzo Seamster turned around feeling the lump on his forehead getting bigger told defendant Will Baptista that he needs medical attention defendant Will Baptista then smiled and replied "you jailhouse lawyers should learn to mine your own business," and then walked away from Plaintiffs Lenzo Seamster's cell door.

18. Plaintiff Lenzo Seamster then began to kick the cell door as defendant Will Baptista was walking away, screaming that he needs medical attention to no-avail.

19. Plaintiff Lenzo Seamster then wet a towel with cold water layed on his bunk. and placed it on his forehead. Realizing that he had just brutally attacked because he had been helping several prisoners file grievances and do legal work on defendant Will Baptista.

20. Also during this incident there was another correctional officer with defendant Will Baptista. Nevertheless the Plaintiff was so focused on defendant Will Baptista because of his aggression that he can not remember who the other correctional officer was.

-5-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 & DAMAGES

21. Now on the mourning of September 4th 2012 Plaintiff Lenzo Seamster had an appointment with his Psychologist Dr. Patterson as Plaintiff entered Dr. Patterson's office Dr. Patterson notice the swelling on the Plaintiff's forehead and asked him what happen. The Plaintiff told Dr. Patterson that he had been attacked by defendant Will Baptista for helping other Prisoner's file grievances/complaints against him for brutally attacking them. Plaintiff Lenzo Seamster then told Dr. Patterson that he needs medical attention and that he would like to file a complaint on defendant Will Baptista for excessive use of force.

22. Dr. Patterson then called Dr. Paul Hoffecker on the Phone. Dr. Paul Hoffecker was just a couple doors down in another interview room so he came right over. Dr. Patterson was fairly new to the facility which is why he called Dr. Paul Hoffecker to assist him in this matter.

23. Now Dr. Patterson and the Plaintiff begun to explain to Dr. Paul Hoffecker the details of the situation. and Dr. Paul Hoffecker replied "I'm very familiar with c/o Baptista and his brutality toward (PSU) Inmates There have been numerous situation involving this same correctional officer.

24. Dr. Paul Hoffecker then explained to Dr. Patterson what need to be done to get the complaint filed and report the incident.

25. Dr. Patterson then exited the office and went to go report the incident to defendant Will Baptista's Supervisor's he afterwards returned to the office where Plaintiff Lenzo Seamster awaited with a complaint from accompanied by Nurse Betty Vigil, and MPimssog Gvamfi LPt.

-6-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 USC 1983

26. Plaintiff Lenzo Seamster filed a complaint against defendant Will Baptista for excessive use of force. and Nurse Betty Vigil conducted a 7219 injury report in assistance with M. Fivamfi.

27. As Plaintiff Lenzo Seamster completed the complaint against defendant Will Baptista Psych-Tech Rita Snyder was passing by Plaintiff call Psych-Tech Rita Snyder to the interview room and notified her that he might miss group therapy today due to being attacked by defendant Will Baptista. Psych-Tech Rita Snyder then asked the Plaintiff did "% Baptista cause that injury to your forehead"? Plaintiff Lenzo Seamster replied yes he did. Psych-Tech Rita Snyder responded by filing an incident report with defendant Will Baptista's supervisor's.

28. It was durning this time that Plaintiff Lenzo Seamster learned that defendant Will Baptista after brutally attacking (him/The Plaintiff) did not even file an incident report which is Protocal. all Correctional Officers must file an incident report in Such case's

The Second line of line 28 should read,, defendant Will Baptista after brutally attacking (him/The Plaintiff) defendant Will Baptista did not even file an incident report

29. Now once defendant Will Baptista returned back to the facility from his regular days off and learned that Plaintiff Lenzo Seamster filed a complaint on him for excessive use of force he immediately retaliated by filing a fraudulent rule violation report on Plaintiff Lenzo Seamster for the specific acts: Threat of force/violence against a Public official Log#P12-09-0005 Dated:

-7-
COMPLAINT FOR DECLARATORY AND INJUNTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 & DAMAGES

9-6-2012 Plaintiff Lenzo Seamster then asked to speak with Dr. Patterson and Dr. Paul Hoffecker so that he might explain what had occurred.

30. Now upon the arrival of Dr. Patterson and Dr. Paul Hoffecker Plaintiff Lenzo Seamster told them about the retaliation which also consist of defendant Will Baptista refusing to feed the Plaintiff. Dr. Paul Hoffecker suggested that Dr. Patterson place Plaintiff Lenzo Seamster on suicide watch to remove him from the situation, because Dr. Paul Hoffecker felt that Plaintiff Lenzo Seamster's life was in danger not only indangered due to defendant Will Baptista, but also due to Seamster's suicidal history, defendant Will Baptista pressure on the Plaintiff who has mental health issues was most certainly enough to set him off. Plus defendant Will Baptista had no excess to Plaintiff Lenzo Seamster while on suicide watch, nevertheless on 9-23-12 Plaintiff Lenzo Seamster attempted suicide by hanging himself.

31. Form suicide watch Doctors changed Plaintiff Seamster's level of care inorder to get him to another yard and eventually out of the facility once the Plaintiff recovered from the suicide attempt wherein Plaintiff sustained very serious injuries from the attempt.

32. A few months later Plaintiff Lenzo Seamster was transferred from Pelican Bay State Prison to the California State Prison - Sacramento for his safty.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

33. Plaintiff Lenzo Seamster used the Prisoner grievance procedure

-8-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 AND DAMAGES

available at Pelican Bay State Prison to try and solve the problem. On September 4th 2012 Plaintiff Lenzo Seamster presented the facts relating to this complaint. On November 14th 2012 Plaintiff Lenzo Seamster was sent a response from the Office of Appeals which is the highest and final level of review saying that the grievance has been denied. Grievance/Appeal log # PBSP-12-02815

## VI. CLAIM FOR RELIEF

(For violations of the Eighth Amendment under color of State law, Section 1983)

34. Plaintiff reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs 1-33 of this complaint.

35. The use's of excessive force violated Plaintiff Seamster's rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

36. As a direct and proximate result of defendant Will Baptista's conduct in violation of Plaintiff's Eighth Amendment rights as set forth above, Plaintiff has suffered serious harm, pain, and emotional distress.

37. Defendant Will Baptista's excessive use's of force against Plaintiff Seamster was maliciously and sadistically carried out for the very purpose of causing Plaintiff Lenzo Seamster harm.

38. Defendant's actions were motivated by evil motive and intent with a disregard for Plaintiff's health and safety and federally protected rights.

-9-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 & DAMAGES

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that this court enter Judgement granting Plaintiff:

39. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

40. A Preliminary and Permanent injunction ordering defendant Will Baptista to anger management and random drug testing, and the dismissal of the retaliatory rule violation report 109 # P12-09-0005 for the specific act of: Threat of Force/Violence against a Public Official dated 9-6-2012

41. Compensatory damages in the amount of $40,000 against defendant.

42. Punitive damages in the amount of $40,000 against defendant.

43. A Jury trial on all issues triable by Jury proper and equitable

44. Any additional relief this court deems just

Date: 1-16-14

    Respectfully Submitted
    Lenzo Seamster H-64914
    CSP-Sacramento
    PO Box 290066
    Represa CA, 95671

-10-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 USC. 1983 & DAMAGES

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and as to those I believe them to be true.

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Represa, California on

*Lenzo Seamster*
Lenzo Seamster

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: 1-16-14         Respectfully Submitted
                       Lenzo Seamster

                By: *Lenzo Seamster*
                    Lenzo Seamster
                    Pro Se

-11-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 & DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lenzo Seamster H-64914 CSP-Sacramento A1-building PO Box 290066 Represa, CA 95671 | |
| TELEPHONE NO.: FAX NO.: | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 450 GOLDEN GATE AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CALIFORNIA 94102
BRANCH NAME: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT

CASE NAME: Seamster v. Baptista

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✓] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Lenzo Seamster
(TYPE OR PRINT NAME) ▶ Lenzo Seamster (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

# PROOF OF SERVICE
## (C.C.P §2015.5, 28 U.S.C. 1745)

I, _Lenzo Seamster_, am over the age of eighteen (18) years of age, and I (am) (am not) a party to the within cause of action. My address is:

Lenzo Seamster H-64914
CSP-Sacramento, A1-208
Po Box 290066
Represa, CA 95671

On, _____, _____, I served the following documents:

1. Act 42.U.S.C. §1983 "and" Summons in a Civil Action
2. Prisoner's Application to Proceed in Forma Pauperis
3. Certificate of Funds in Prisoner's Account
4. Motion for Appointment of Counsel
5. Civil Case Cover Sheet

on the below named individuals by depositing true and correct copies thereof in the United States mail in Represa, California, with postage prepaid thereon, addressed as follows:

1. United States District Court
   Northern District of
   California
   450 Golden Gate Ave
   San Francisco, CA.
   94102

2. _____

I have read the above statements and declare under the penalty of perjury of the laws of the state of California that he forging is true and correct.

Executed this _31_ day of _January_, _2014_, at California State Prison-Sacramento, Represa California.

_Seamster_
Signature of Affiant