UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LENZO SEAMSTER,

          Plaintiff,

    v.

WILL BAPTISTA,

          Defendant.

Case No.  14-cv-00862-VC

**ORDER OF SERVICE**

Lenzo Seamster, an inmate at California State Prison-Sacramento, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Will Baptista, an officer at Pelican Bay State Prison ("Pelican Bay"), where Seamster was formerly incarcerated.  Seamster has filed several motions for leave to proceed in forma pauperis, which are granted in a separate order.  The Court now addresses the claims asserted in Seamster's complaint.

## DISCUSSION

### I.    Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to identify any cognizable claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

United States District Court
Northern District of California

42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.     Seamster's Allegations

Seamster's complaint alleges the following.

On September 3, 2012, Seamster was housed in the Psychiatric Services Unit at Pelican Bay. Seamster asked Nurse Lenhart if she could take his blood pressure because he was feeling light-headed. Lenhart said she would when she was finished passing out medications. Five minutes later, Defendant Will Baptista approached Seamster's cell door and asked if he wanted to get his blood pressure checked. Seamster replied "yes." Baptista then ordered Seamster to submit to handcuffs and then to leg restraints. Baptista's request for leg restraints was unusual because Seamster did not have a history of assaultive behavior and he tried to explain this to Baptista. However, Baptista insisted that he wear leg restraints and Seamster complied.

Baptista made Seamster walk very fast down the hall as if he were trying to make Seamster trip in his leg restraints. He also was squeezing Seamster's arm. Baptista brought Seamster to the room where Lenhart took his blood pressure. When Baptista was escorting Seamster back to his cell, he told Seamster to face the wall. Seamster complied and Baptista slammed Seamster's head into the wall briefly knocking him unconscious and to his knees. Baptista then ordered Seamster to crawl on his knees to his cell. When he was in his cell, Baptista took off Seamster's leg restraints and handcuffs.

Seamster felt the lump on his head getting bigger and bigger and asked Baptista to get him medical attention. Baptista smiled and said, "you jailhouse lawyers should learn to mine [sic] your

United States District Court
Northern District of California

own business."  Then he walked away.

Seamster realized he had been attacked because he had been helping several prisoners file grievances against Baptista.  Seamster filed a complaint against Baptista for use of excessive force.  Then Baptista filed a false rules violation report accusing Seamster of making threats of force or using violence against a public officer.  Baptista also retaliated against Seamster by refusing "to feed him."

On September 23, 2012, Seamster attempted suicide by hanging himself.  Seamster was transferred to another yard for his safety.

Liberally construed Seamster's complaint appears to allege against Baptista an Eighth Amendment claim for use of excessive force and a First Amendment retaliation claim.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  The complaint appears to state a cognizable Eighth Amendment claim for excessive force and a cognizable First Amendment claim for retaliation against Baptista.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto and a copy of this Order to Baptista at Pelican Bay.  The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order to the California Attorney General's Office and a copy of this Order to Seamster.

3.  Baptista is cautioned that Rule 4 of the Federal Rules of Civil Procedure require him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Baptista, after being notified of this action and asked by the Court, on behalf of Seamster, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Baptista had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Baptista will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Baptista is advised to read the statement set forth at the foot of the waiver form that more

2    completely describes the duties of the parties with regard to waiver of service of the summons.  If

3    service is waived after the date provided in the Notice but before Baptista has been personally

4    served, the answer shall be due sixty days from the date on which the request for waiver was sent

5    or twenty days from the date the waiver form is filed, whichever is later.

6        4.  The following briefing schedule shall govern dispositive motions in this action:

7            a.  No later than thirty days from the date the answer is due, Baptista shall file a

8    motion for summary judgment or other dispositive motion.  If Baptista files a motion for summary

9    judgment, it shall be supported by adequate factual documentation and shall conform in all

10   respects to Federal Rule of Civil Procedure 56.  If Baptista is of the opinion that this case cannot

11   be resolved by summary judgment, he shall so inform the Court prior to the date the summary

12   judgment motion is due.  All papers filed with the Court shall be promptly served on Seamster.

13       At the time of filing the motion for summary judgment or other dispositive motion,

14   Baptista shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir.

15   2012), and provide Seamster with notice of what is required of him to oppose a summary

16   judgment motion.

17           b.  Seamster's opposition to the motion for summary judgment or other dispositive

18   motion shall be filed with the Court and served on Baptista no later than twenty-eight days after

19   the date on which Baptista's motion is filed.

20       Before filing his opposition, Seamster is advised to read the notice that will be provided to

21   him by Seamster when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure

22   and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

23   forward with evidence showing triable issues of material fact on every essential element of his

24   claim).  Seamster is cautioned that because he bears the burden of proving his allegations in this

25   case, he must be prepared to produce evidence in support of those allegations when he files his

26   opposition to Baptista's summary judgment motion.  Such evidence may include sworn

27   declarations from himself and other witnesses, and copies of documents authenticated by sworn

28   declaration.  Seamster will not be able to avoid summary judgment simply by repeating the

4

1    allegations of his complaint.

2          c.  Baptista shall file a reply brief no later than fourteen days after the date

3    Seamster's opposition is filed.

4          d. The motion shall be deemed submitted as of the date the reply brief is due.  No

5    hearing will be held on the motion unless the Court so orders at a later date.

6          5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil

7    Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Baptista to depose

8    Seamster and any other necessary witnesses confined in prison.

9          6.  All communications by Seamster with the Court must be served on Baptista, or

10   Baptista's counsel once counsel has been designated, by mailing a true copy of the document to

11   Baptista or counsel.

12         7.  It is Seamster's responsibility to prosecute this case.  He must keep the Court informed

13   of any change of address by filing a separate paper with the clerk headed "Notice of Change of

14   Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may

15   result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

16   Procedure 41(b).

17         8.  Extensions of time are not favored, though reasonable extensions will be granted.  Any

18   motion for an extension of time must be filed no later than ten days prior to the deadline sought to

19   be extended.

20         IT IS SO ORDERED.

21   Dated: September 18, 2014

22   _____

23   VINCE CHHABRIA
     United States District Judge

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LENZO SEAMSTER,

          Plaintiff,

    v.

WILL BAPTISTA,

          Defendant.

Case No.  14-cv-00862-VC

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on 9/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lenzo  Seamster ID: H-64914
CSP - Sacramento A1-115
PO Box 290066
Represa, CA 95671

Dated: 9/18/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA